<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5163**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELRAY JENNETTE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:02-cr-00060-RBS-1)

Submitted: April 10, 2009                    Decided: May 4, 2009

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Keith Loren Kimball, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Richard D. Cooke, William D. Muhr, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delray Jennette appeals a thirty-five month sentence imposed upon revocation of his term of supervised release. Jennette argues on appeal that the district court erred in determining his revocation sentence by considering factors not permitted by 18 U.S.C. § 3583(e) (2006). We affirm.

We will not disturb a sentence imposed after revocation of supervised release unless it is "'plainly unreasonable' with regard to those § 3553(a) factors applicable to supervised release revocation sentences." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). We must initially determine whether the revocation sentence is unreasonable, a process that includes procedural and substantive components. See id. at 437-38. A revocation sentence is procedurally reasonable if the district court took into account the Chapter 7 policy statements and the applicable factors in 18 U.S.C. § 3553(a) (2006). Crudup, 461 F.3d at 440. The sentence is substantively reasonable if the court stated an appropriate basis for imposing a sentence within the statutory maximum. See id. Only if we determine that the sentence was unreasonable do we proceed to the question of whether the sentence was plainly unreasonable. See id. at 438.

While a district court "ultimately has broad discretion to revoke its previous sentence and impose a term of

2

imprisonment up to the statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the court must consider the Chapter Seven policy statements as well as the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a) and 3583(e). Chapter Seven of the Guidelines provides, "at revocation, the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." USSG Ch. 7, Pt. A(3)(b). Section 3583 approves consideration of a majority of the factors listed in § 3553(a), omitting only two. 18 U.S.C. § 3583(e). Included among the omitted factors is the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

The district court's observations regarding the seriousness of Jennette's offense and need to provide just punishment were relevant to other required considerations, including "the nature and circumstances of the offense and the history and characteristics of the defendant," adequately deterring criminal conduct, and protecting the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C). The court emphasized Jennette's apparent refusal to abide by the terms of his supervised release, a

3

factor relevant to Chapter Seven's policy that a revocation sentence should focus on the breach of the court's trust. Moreover, the district court expressly considered the factors in § 3553(a) that are applicable to revocation sentences. Therefore, Jennette's sentence is not unreasonable, much less plainly so.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED